IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 11 B 30609 |
| Clifton Hunt ) | Judge Hon. Schmetterer |
| ) | CHAPTER 13 |
| ) | |
| ) | |
| Clifton Hunt ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO. 11 AP 01930 |
| Urban Partnership Bank ) | |
| Defendant. ) | |

## ~~AMENDED~~ FINDINGS OF FACT

**A.    The Parties**

1.  The Plaintiff is Clifton Hunt ("Plaintiffs").

2.  The Defendant is Urban Partnership Bank ("Defendant").

**B.    Factual Background**

1.  On or about July 27, 2011, Plaintiff filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2.  Plaintiff owns the real estate commonly known as 7516 S. Paxton Avenue, Chicago, IL 60649.

3.  The Defendant holds a first mortgage lien on the real property commonly known as 7516 S. Paxton Avenue, Chicago, IL 60649, with a secured claim of $210,000.00 pursuant to the proof of claim filed on November 21, 2011.

4.  Plaintiff obtained an appraisal of the property on July 19, 2011 indicating the value of 7516 S. Paxton Avenue, Chicago, IL 60649 to be $105,000.00.

5. The confirmed Chapter 13 Plan provides that the Plaintiff will make monthly payments to the Chapter 13 Trustee in the amount of $2,900.00 per month for 60 months.

6. Under the Chapter 13 Plan, general unsecured creditors will be paid a dividend of five percent (5%) of their allowed claims.

7. On September 19, 2011, Plaintiff issued a complaint pursuant to 11 U.S.C. § 506(a) and Bankruptcy Rule 3012 to determine the validity of Defendant's lien on Plaintiff's property located at 7516 S. Paxton Avenue, Chicago, IL 60649.

8. That on February 7, 2012, Plaintiff issued an alias summons which was served in accordance with Rule 7004 of the Federal Rules of the Bankruptcy Procedure by certified mail, postage prepaid to an officer of the Defendant at 7054 S. Jeffery Blvd. Chicago, IL 60649, and upon the attorney representing Urban Partnership Bank in Plaintiff's bankruptcy case, at 30 S. Wacker Dr. STE 2600, Chicago, IL 60606;

9. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

10. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

11. No evidence has been presented to challenge the appraised value of $105,000.00.

12. There is no value and equity to support the claim of the Defendant.

## CONCLUSIONS OF LAW

A. **Jurisdiction**

1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K). This court has jurisdiction overt this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. The Debtor scheduled the secured claim of Urban Partnership Bank in the amount of $300,878.00.

5. That value of Plaintiff's residence is $105,000.00.

6. Section 1322(b)(2), subject to subsections a and c of § 1322, permits the modification of rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. 11 U.S.C. 1322(b)(2) (2011). Although the Seventh Circuit has not yet considered the issue, other courts have ruled that 1322(b)(2) does not apply to prohibit modification of the mortgage on a property where the Debtor only occupied one unit of a multi-unit dwelling. *See In re PIcchi*, 448 B.R. 870, 875 (1st Cir.2011 (permitting cram down of a multi-unit dwelling where the debtor did reside); *Scarborough v. Chase Manhattan Mortgage Corp. (In re Scarborough)*, 461 F.3d 406, 408, 412–13 (3d Cir.2006) (permitting strip-down on a two-unit property in which the debtor resided); *Chase Manhattan Mortgage Corp. v. Thompson (In re Thompson)*, 77 Fed.Appx. 57, 58 (2d Cir.2003) (permitting strip-down on a three-unit property in which the debtor resided); *Lomas Mortgage, Inc. v.Louis*, 82 F.3d 1, 7 (1st

Cir.1996) (permitting strip-down on a three-unit property in which the debtor resided); *First Nationwide Mortgage Corp. v. Kinney (In re Kinney),* No. 3:98CV1753(CFD), 2000 U.S.Dist. LEXIS 22313, *11–13 (D.Conn. Apr. 12, 2000) (permitting modification of a two-unit property in which the debtor resided); *In re Stivender,* 301 B.R. 498, 500 n. 2 (Bankr.S.D.Ohio 2003) (permitting bifurcation on a two-unit property containing the debtor's residence); *In re Kimbell,* 247 B.R. 35, 38 (Bankr.W.D.N.Y.2000) (permitting bifurcation on a two unit property containing the debtor's residence); *Ford Consumer Fin. Co. v. Maddaloni (In re Maddaloni),* 225 B.R. 277, 278 (D.Conn.1998) (permitting bifurcation on a two-unit property containing the debtor's residence); *In re Del Valle,* 186 B.R. 347, 348–50 (Bankr.D.Conn.1995) (permitting modification of a two-unit property, where the debtor lived in one unit and rented the other); *Adebanjo v. Dime Sav. Bank, FSB (In re Adebanjo),* 165 B.R. 98, 100 (Bankr.D.Conn.1994) (permitting bifurcation on a three-unit property containing the debtor's residence); *In re McGregor,* 172 B.R. 718, 721 (Bankr.D.Mass.1994) (permitting modification of a mortgage of a four-unit apartment building in which the debtor resided); *Zablonski v. Sears Mortgage Corp. (In re Zablonski),* 153 B.R. 604, 606 (Bankr.D.Mass.1993) (holding that a mortgage encumbering a two-family home was not protected from modification).

Dated: 3/30/12

Enter:

_____
United States Bankruptcy Judge

Robert J. Semrad & Associates
Attorney for Debtor
20 South Clark, 28th Floor
Chicago, IL 60603
(312) 913-0625